IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SERGEI IZBITSKI,

    Petitioner,

v.                                                     1:25-cv-00778-JB-JMR

RAY CARNES, *Warden, Torrance County Detention Facility*; MARISSA A. FLORES, *Director of El Paso Field Office*; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; KRISTI NOEM, *Secretary of the U.S. Department of Homeland Security*; PAM BONDI, *Attorney General of the United States, in their official capacities*,

    Respondents.

## ORDER TO SERVE AND SHOW CAUSE

THIS MATTER is before the Court on Petitioner Sergei Izbitski's Petition for Writ of Habeas Corpus, filed under 28 U.S.C. § 2241. Doc. 1. The Honorable James O. Browning referred this case to me "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case," as authorized by 28 U.S.C. §§ 636(b)(1)(B), (b)(3), and *Va. Beach Fed. Sav. & Loan Ass'n v. Wood*, 901 F.2d 849 (10th Cir. 1990). Doc. 7.

The Court hereby directs Petitioner to serve the Respondents with the petition and a copy of this order by **October 10, 2025**.[1] Petitioner must file proofs of service showing that the

---

[1] Some courts serve the respondents in cases brought under 28 U.S.C. § 2241. *See, e.g.*, *Castillo v. Pratt*, 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001); *see also* Rule 4, Rules Governing Section 2254 Cases ("Section 2254 Rules"). In those cases, courts apply the Section 2254 Rules to § 2241 petitions. *See Boutwell v. Keating*, 399 F.3d 1203, 1210 n.2 (10th Cir. 2005) (finding that the district court "acted within its discretion by applying the Section 2254 Rules to this § 2241 petition."); *see also* Rule 1(b), Section 2254 Rules ("The district court may apply any or all of these rules to a habeas corpus petition not covered by [§ 2254].").

Respondents were served in compliance with Rule 4. *See* FED. R. CIV. P. 4.

Because it appears from the face of the petition that Petitioner may be entitled to relief, respondents are ordered to show cause as to why the petition should not be granted. *See* 28 U.S.C. § 2243. Respondents are ordered to respond within **three days of service**, absent a written motion showing good cause for an extension of time. *See* § 2243 (The response "shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed."). Petitioner's reply, if any, is due three days after the response is filed, absent a written motion showing good cause for an extension of time. *See* FED. R. CIV. P. 6(b).

JENNIFER M. ROZZONI
United States Magistrate Judge

---

Here, the Court declines to apply the Section 2254 Rules to Mr. Izbitski's § 2241 petition because the application of the Section 2254 Rules to a § 2241 petition is discretionary and Petitioner has not requested that the Court apply the rules to this case. *See also Gil Li v. Anda-Ybarra, et al.*, 1:25-cv-00493-MLG-GJF, Doc. 2 at 2 n.1 (D.N.M. filed May 28, 2025) (declining to apply the Section 2254 Rules to a § 2241 immigration habeas petition). Instead, the Court will follow the more expeditious procedure laid out in 28 U.S.C. § 2243.