IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SERGEI IZBITSKI,

    Petitioner,

v.                                                                                                          1:25-cv-00778-JB-JMR

RAY CARNES, *Warden, Torrance County Detention Facility*; MARISSA A. FLORES, *Director of El Paso Field Office*; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; KRISTI NOEM, *Secretary of the U.S. Department of Homeland Security*; PAM BONDI, *Attorney General of the United States, in their official capacities*,

    Respondents.

## **ORDER TO SHOW CAUSE**

THIS MATTER is before the Court *sua sponte*. On September 24, 2025, this Court entered an Order to Serve and Show Cause. Doc. 8. In this order, the Court directed "Petitioner to serve the Respondents with the petition and a copy of this order [Doc. 8] by October 10, 2025." *Id*. at 1. Petitioner was also ordered to file "proofs of service showing that the Respondents were served in compliance with Rule 4." *Id*. (citing FED. R. CIV. P. 4). Petitioner did not file proofs of service by the October 10, 2025, deadline. Accordingly, the Court issued a second Order to Show Cause directing Petitioner to "show cause no later than **October 28, 2025** as to why Petitioner's petition should not be dismissed for failure to comply with the Court's order regarding service." Doc. 9. The Court warned that "failure to comply with this order may result in dismissal of Petitioner's petition without further warning." *Id*. Nonetheless, Petitioner failed to comply with the Court's order once again.

On October 15, 2025, Petitioner did file a document titled "Certification of Service." Doc. 10. This filing, however, in no way responded to the Court's order to show cause. Further,

the service described in the filing plainly does not comply with the service requirements set forth in Rule 4. Petitioner's counsel merely states that "[o]n Sept. 30, 2025, my office mailed by Express Mail copies of the Petition for Habeas Corpus, Memorandum of Law and Order to Show Cause to all Respondents." *Id.* Petitioner does not even attempt to comply with the four-part procedure required for serving a United States agency or its officers. *See* FED. R. CIV. P. 4(i)(1)-(2). Similarly, Petitioner does not attempt to serve the defendant warden in a manner permitted by federal or state law. *See* FED. R. CIV. P. 4(f); Rule 1-004 NMRA. The docket does not even reflect that Petitioner submitted a summons to be issued by the Court Clerk. Notably, the Court has not extended the October 10, 2025, deadline to serve the Respondents—nor has Petitioner requested that the Court do so.

Because of the gravity of Petitioner's allegations, I am reluctant at this time to recommend dismissal due to his attorney's non-compliance. *See Matter of Baker*, 744 F.2d 1438, 1442 (10th Cir. 1984) ("If the fault lies with the attorneys, that is where the impact of sanction should be lodged."). IT IS THEREFORE ORDERED, for yet a second time, that by **November 12, 2025**, Petitioner file a document showing cause (explaining) why Petitioner's petition should not be dismissed for failure to comply with the Court's order regarding service. IT IS FURTHER ORDERED that by **November 12, 2025**, Petitioner's attorneys—both Mr. Mark and Mr. Juarez—must show cause as to why they should not be held in contempt and monetarily fined. *See* FED R. CIV. P. 11(c)(3).

_____
JENNIFER M. ROZZONI
United States Magistrate Judge