IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SERGEI IZBITSKI,

        Petitioner,

v.                                                                                             1:25-cv-00778-JB-JMR

RAY CARNES, *Warden, Torrance County Detention Facility*; MARISSA A. FLORES, *Director of El Paso Field Office*, *United States Immigration and Customs Enforcement*; KRISTI NOEM, *Secretary of the U.S. Department of Homeland Security*; PAM BONDI, *Attorney General of the United States, in their official capacities*,

        Respondents.

## THIRD ORDER TO SHOW CAUSE

THIS MATTER is before the Court *sua sponte*. This is the third order to show cause the Court has issued about Petitioner's defective service. *See* Docs. 9, 11. Petitioner documented his most recent service attempts in a Certification of Service, filed on November 11, 2025. Doc. 12. Unfortunately, this document fails to show that Petitioner has perfected service as to any of the Respondents.

Petitioner states that he served Pam Bondi, Marissa A. Flores, Kristi Noem, and the Civil Clerk of the United States Attorney's Office a copy of the "Summons, Complaint, Memorandum of Law, [and] Order to Show Cause" by mail. Doc. 12 at 1–2. At the status conference held on November 19, 2025, a representative from the United States Attorney's Office indicated that they did not receive a copy of the summons, despite Petitioner's cover letter stating that it was enclosed with Petitioner's attempted service. *See* Doc. 18; *see also* FED. R. CIV. P. 4(c)(1) ("A summons must be served with a copy of the complaint."). In addition, Petitioner's service is insufficient under Federal Rule of Civil Procedure 4(i), which requires that service be made by

"registered or certified mail." FED. R. CIV. P. 4(i).

Notably, "[t]o serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." FED. R. CIV. P. 4(i)(2). Service of the United States is governed by Federal Rule of Civil Procedure 4(i)(1):

> **(1) *United States*.** To serve the United States, a party must:
> **(A)(i)** deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--**or**
> **(ii)** send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
> **(B)** send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
> **(C)** if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

FED. R. CIV. P. 4(i)(1). In the instant case, Petitioner has not demonstrated that he has served Marissa A. Flores, Kristi Noem, Pam Bondi, or the Civil Process Clerk at the United States Attorney's Office for the District of New Mexico by "registered or certified mail," and therefore Petitioner has not perfected service.

Similarly, Petitioner states that he served Ray Carnes, Warden of the Torrance County Detention Center, a copy of the "Summons, Complaint, Memorandum of Law, [and] Order to Show Cause" by mail. Doc. 12 at 1–2. Respondent Ray Carnes is subject to service under Federal Rule of Civil Procedure Rule 4(e).

> **(e) Serving an Individual Within a Judicial District of the United States.** Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:
> **(1)** following state law for serving a summons in an action brought in courts of

>   general jurisdiction in the state where the district court is located or where service is made; or
>   **(2)** doing any of the following:
>   >   **(A)** delivering a copy of the summons and of the complaint to the individual personally;
>   >   **(B)** leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>   >   **(C)** delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

FED. R. CIV. P. 4(e).  Because Petitioner has served Respondent Carnes by mail, an option available only under Federal Rule of Civil Procedure 4(e)(1), Petitioner must comply with the New Mexico rules governing service by mail.  Under the New Mexico rules governing service by mail, Petitioner must **obtain a signature** in order for service to be perfected:

>   Service may be made by mail or commercial courier service provided that the envelope is addressed to the named defendant and further provided that the **defendant or a person authorized by appointment, by law or by this rule to accept service of process upon the defendant signs a receipt** for the envelope or package containing the summons and complaint, writ or other process. Service by mail or commercial courier service shall be complete on the date the receipt is signed as provided by this subparagraph. For purposes of this rule "signs" includes the electronic representation of a signature.

Rule 1-004(E)(3) NMRA (emphasis added).[1]

Petitioner is hereby ordered to perfect service against each Respondent, and to file proof of such service, no later than **December 5, 2025**.  Failure to properly serve Respondents by this deadline may result in sanctions including dismissal of Petitioner's petition.

_____
JENNIFER M. ROZZONI
United States Magistrate Judge

---

[1] Petitioner could choose to now serve by means other than mail, so long as Petitioner complies with the appropriate federal or New Mexico rules.