IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SERGEI IZBITSKI,

        Petitioner,

vs.                                           No. CV 25-0778 JB/JMR

RAY CARNES, Warden, Torrance County
Detention Facility, MARISSA A. FLORES,
Director of El Paso Field Office, U.S.
Immigration and Customs Enforcement,
KRISTI NOEM, Secretary of the U.S.
Department of Homeland Security,
PAM BONDI, Attorney General of the
United States, in their official capacities,

        Respondent.

## MEMORANDUM OPINION AND ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on the Respondents' Objections to the Magistrate Judge's Proposed Findings and Recommended Disposition, filed January 12, 2026 (Doc. 33)("Objections"). The Honorable Jennifer M. Rozzoni, United States Magistrate Judge for the United States District Court for the District of New Mexico, files her Proposed Findings and Recommended Disposition on December 29, 2025 (Doc. 32)("PFRD"). The PFRD notifies the parties of their ability to file Objections within fourteen days and that failure to file Objections waives appellate review. See PFRD at 13-14. Izbitski does not file an objection to the PFRD. On January 12, 2026, Respondents Marissa A. Flores, Director of El Paso Field Office, U.S. Immigration and Customs Enforcement, Kristi Noem, Secretary of the U.S. Department of Homeland Security, and Pam Bondi, Attorney General of the United States, (the "Federal Respondents"), all in their official capacities, file Objections to the Magistrate Judge's PFRD. See Objections at 1. That same day, Petitioner Sergei Izbitski files a response to the Objections. See

Letter from Eric M. Mark to the Hon. James O. Browning (dated January 12, 2026)(Doc. 34)("Response").  The Federal Respondents do not object to most of the PFRD.  The Court has reviewed the portions of the PFRD to which the Federal Respondents do not object to see if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.  The court concludes that the portions of the PFRD to which the Federal Respondents do not object are not clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion, and adopts those portions of the PFRD.  Pursuant to rule 72(b) of the Federal Rules of Civil Procedure, the Court conducts a de novo review of all parts of Magistrate Judge Rozzoni's PFRD to which the Federal Respondents properly object, and the record related to the objections.  After conducting this limited de novo review, the Court sees no sound reason either in the applicable law or in the relevant facts to depart from Magistrate Judge Rozzoni's recommended disposition.  The Court adopts the PFRD.

## LAW REGARDING OBJECTIONS TO PROPOSED FINDINGS AND RECOMMENDATIONS

District courts may refer dispositive motions to a Magistrate Judge for a recommended disposition.  See Fed. R. Civ. P. 72(b)(1) ("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense. . . .").  Rule 72(b)(2) governs objections: "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2).  Finally, when resolving objections to a Magistrate Judge's proposal, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).  Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1).

"The filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute." United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, and Contents, 73 F.3d 1057, 1059 (10th Cir.1996)("One Parcel")(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)). As the United States Court of Appeals for the Tenth Circuit notes, "the filing of objections advances the interests that underlie the Magistrate's Act, including judicial efficiency." One Parcel, 73 F.3d at 1059 (citing Niehaus v. Kan. Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir.1986); United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

The Tenth Circuit holds "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." One Parcel, 73 F.3d at 1060. "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, have adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'" One Parcel, 73 F.3d at 1059. In addition to requiring specificity in objections, the Tenth Circuit states that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996). See United States v. Garfinkle, 261 F.3d 1030, 1031 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."). In an

unpublished opinion, the Tenth Circuit states that "the district court correctly held that [a petitioner] had waived [an] argument by failing to raise it before the magistrate." Pevehouse v. Scibana, 229 Fed. Appx. 795, 796 (10th Cir.2007).[1]

In One Parcel, the Tenth Circuit, in accord with other Courts of Appeals, expands the waiver rule to cover objections that are timely but too general.  See One Parcel, 73 F.3d at 1060. The Supreme Court of the United States -- in the course of approving the United States Court of Appeals for the Sixth Circuit's use of the waiver rule -- notes:

> It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings. The House and Senate Reports accompanying the 1976 amendments do not expressly consider what sort of review the district court should perform when no party objects to the magistrate's report. *See* S.Rep. No. 94-625, pp. 9-10 (1976)(hereafter Senate Report); H.R.Rep. No. 94-1609, p. 11 (1976), U.S.Code Cong. & Admin. News 1976, p. 6162 (hereafter House Report).  There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate. Moreover, the Subcommittee that drafted and held hearings on the 1976 amendments had before it the guidelines of the Administrative Office of the United States Courts concerning the efficient use of magistrates. Those guidelines recommended to the district courts that "[w]here a magistrate makes a finding or *ruling* on a motion or an issue, his determination should become that of the district court, unless specific objection is filed within a reasonable time." *See* Jurisdiction of United States Magistrates, Hearings on S.

---

[1]Pevehouse v. Scibana is an unpublished opinion, but the Court can rely on an unpublished Tenth Circuit opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value.").  The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005)(citing In re Citation of Unpublished Opinions/Orders & Judgments, 151 F.R.D. 470 (10th Cir. 1993)).  The Court concludes that Pevehouse v. Scibana has persuasive value with respect to a material issue, and will assist the Court in its disposition of the matters now before it.

1283 before the Subcommittee on Improvements in Judicial Machinery of the Senate Committee on the Judiciary, 94th Cong., 1st Sess., 24 (1975)(emphasis added)(hereafter Senate Hearings). The Committee also heard Judge Metzner of the Southern District of New York, the chairman of a Judicial Conference Committee on the administration of the magistrate system, testify that he personally followed that practice. *See id.,* at 11 ("If any objections come in, . . . I review [the record] and decide it. If no objections come in, I merely sign the magistrate's order."). The Judicial Conference of the United States, which supported the *de novo* standard of review eventually incorporated in § 636(b)(1)(C), opined that in most instances no party would object to the magistrate's recommendation, and the litigation would terminate with the judge's adoption of the magistrate's report. *See* Senate Hearings, at 35, 37. Congress apparently assumed, therefore, that any party who was dissatisfied for any reason with the magistrate's report would file objections, and those objections would trigger district court review. There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed. It did not preclude treating the failure to object as a procedural default, waiving the right to further consideration of any sort. We thus find nothing in the statute or the legislative history that convinces us that Congress intended to forbid a rule such as the one adopted by the Sixth Circuit.

Thomas v. Arn, 474 U.S. at 150-52 (emphasis in original).

The Tenth Circuit also notes, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'" One Parcel, 73 F.3d at 1060 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir.1991)("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations."). Cf. Thomas v. Arn, 474 U.S. at 154 (noting that, while "[a]ny party that desires plenary consideration by the Article III judge of any issue need only ask," a failure to object "does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard"). In One Parcel, the Tenth Circuit notes that the district judge decides sua sponte to conduct a de novo review despite the objections' lack of specificity, but the Tenth Circuit deems the issues waived on appeal, because waiver advances the interests underlying the waiver rule. See 73 F.3d at 1060-61 (citing cases from other Courts of Appeals

where district courts elect to address merits despite potential application of waiver rule, but Courts of Appeals opt to enforce waiver rule).

Where a party files timely and specific objections to the Magistrate Judge's PFRD, on "dispositive motions, the statute calls for a *de novo* determination, not a *de novo* hearing." United States v. Raddatz, 447 U.S. 667, 674 (1980).  "[I]n providing for a '*de novo* determination' rather than *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate judge's proposed findings and recommendations." United States v. Raddatz, 447 U.S. at 676, (quoting 28 U.S.C. § 636(b) and citing Mathews v. Weber, 423 U.S. 261, 275 (1976)).  The Tenth Circuit requires a "district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation" when conducting a de novo review of a party's timely, specific objections to the magistrate judge's report.  In re Griego, 64 F.3d 580, 583-84 (10th Cir. 1995).  "When objections are made to the magistrate's factual findings based on conflicting testimony or evidence . . . the district court must, at a minimum, listen to a tape recording or read a transcript of the evidentiary hearing." Gee v. Estes, 829 F.2d 1005, 1008-09 (10th Cir. 1987).

A district court must "clearly indicate that it is conducting a de novo determination" when a party objects to the Magistrate Judge's report "based upon conflicting evidence or testimony." Gee v. Estes, 829 F.2d at 1009.  On the other hand, a district court fails to meet the requirements of 28 U.S.C. § 636(b)(1) when it indicates that it gave "considerable  deference to the magistrate's order." Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1464 (10th Cir. 1988).  A district court need not, however, "make any specific findings; the district court must merely conduct a *de novo* review of the record." Garcia v. City of Albuquerque, 232 F.3d 760, 766 (10th Cir.2000).  "[T]he district court is presumed to know that de novo review is required.  Consequently, a brief order expressly stating the court conducted de novo review is sufficient." Northington v. Marin, 102

F.3d 1564, 1570 (10th Cir. 1996)(citing In re Griego, 64 F.3d at 583-84). "[E]xpress references to de novo review in its order must be taken to mean it properly considered the pertinent portions of the record, absent some clear indication otherwise." Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d 722, 724 (10th Cir. 1993). The Tenth Circuit holds that a district court properly conducts a de novo review of a party's evidentiary objections when the district court's "terse" order contains one sentence for each of the party's "substantive claims" and does "not mention his procedural challenges to the jurisdiction of the magistrate to hear the motion." Garcia v. City of Albuquerque, 232 F.3d at 766. The Tenth Circuit explains that brief district court orders that "merely repeat[ ] the language of § 636(b)(1) to indicate its compliance" are sufficient to demonstrate that the district court conducts a de novo review:

> It is common practice among district judges in this circuit to make such a statement and adopt the magistrate judges' recommended dispositions when they find that magistrate judges have dealt with the issues fully and accurately and that they could add little of value to that analysis. We cannot interpret the district court's statement as establishing that it failed to perform the required de novo review.

In re Griego, 64 F.3d at 584.

Notably, because "Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations," United States v. Raddatz, 447 U.S. at 676 (emphasis omitted), a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate," 28 U.S.C. § 636(b)(1). See Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d at 724-25 (holding that the district court's adoption of the Magistrate Judge's "particular reasonable-hour estimates" is consistent with the de novo determination that 28 U.S.C. § 636(b)(1) and United States v. Raddatz require).

Where no party objects to the Magistrate Judge's PFRD, the Court reviews, as a matter of course and in the interests of justice, the Magistrate Judge's recommendations. In Pablo v. Soc.

Sec. Admin., No. CIV 11-0132 JB/ACT, 2013 WL 1010401 (D.N.M. February 27, 2013)(Browning, J.), the plaintiff fails to respond to the Magistrate Judge's PFRD, and thus waives his right to appeal the recommendations, but the Court nevertheless conducts a review. See 2013 WL 1010401, at *1, *4. The Court generally does not, however, "review the PFRD de novo, because the parties have not objected thereto, but rather review[s] the recommendations to determine whether they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion." Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at *4. The Court, thus, does not determine independently what it would do if the issues had come before the Court first, when there is no objection, but rather adopts the PFRD where "'the Court cannot say that the Magistrate Judge's recommendation . . . is clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.'" Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at *3 (quoting Workheiser v. City of Clovis, No. CIV 12–0485 JB/GBW, 2012 WL 6846401, at *3 (D.N.M. December 28, 2012)(Browning, J.). See Alexandre v. Astrue, No. CIV 11-0384 JB/SMV, 2013 WL 1010439, at *4 (D.N.M. February 27, 2013)(Browning, J.)("The Court rather reviewed the findings and recommendations . . . to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion. The Court determines that they are not, and will therefore adopt the PFRD."); Trujillo v. Soc. Sec. Admin., No. CIV 12-1125 JB/KBM, 2013 WL 1009050, at *5 (D.N.M. February 28, 2013)(Browning, J.)(adopting the proposed findings and conclusions, and noting: "The Court did not review the ARD de novo, because Trujillo has not objected to it, but rather reviewed the . . . findings and recommendation to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion, which they are not."). This review, which is deferential to the Magistrate Judge's work when there is no objection, nonetheless provides some review in the interest of justice, and seems more consistent with the waiver rule's intent than no review at all or a full-fledged review. Accordingly, the Court considers this standard

- 8 -

Case 1:25-cv-00778-JB-JMR    Document 35    Filed 01/14/26    Page 9 of 18

of review appropriate.  See Thomas v. Arn, 474 U.S. at 151 ("There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate.").  The Court is reluctant to have no review at all if its name is going at the bottom of the order adopting the Magistrate Judge's PFRD.

## ANALYSIS

The Court carefully reviews the PFRD and the relevant pleadings.  In the PFRD, Magistrate Judge Rozzoni recommends that the Court make three findings.  See PFRD at 13.  First, she recommends that the Court find that Izbitski's indefinite detention violates the Fifth Amendment of the United States Constitution.  See PFRD at 13.  Second, she recommends that the Court waive the exhaustion requirement for Izbitski's indefinite-detention claim.  See PFRD at 13.  Third, she recommends that the Court decline to address Izbitski's outstanding request for relief.  See PFRD at 13.  Based on these recommendations, Magistrate Judge Rozzoni recommends that the Court grant Izbitski's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, filed August 14, 2025 (Doc. 1)("Complaint"), and order Izbitski's immediate release.  See PFRD at 13.  The Court first concludes that the recommendations in the PFRD to which the Federal Respondent do not object are not clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion, and therefore adopts them.

In their Objections, the Federal Respondents challenge only Magistrate Judge Rozzoni's recommendation that Izbitski's indefinite detention violates the Fifth Amendment.  See Objections at 1-3.  Specifically, they argue that: (i) Izbitski has failed to meet his burden to show good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future by "merely showing that the Republic of Kazakhstan initially refused travel documents"; and (ii) the Federal Respondents' continued attempts to obtain travel documents from Kazakhstan are sufficient to rebut any such showing.  See Objections at 1-3.  Reviewing these objections de novo,

the Court reaches the same conclusion as Magistrate Judge Rozzoni.  Accordingly, the Court overrules the Objections and orders Izbitski's immediate release pursuant to an Order of Supervision under the same terms that were in place before June 9, 2025.

## I.    THE PORTIONS OF THE PFRD TO WHICH THE FEDERAL RESPONDENTS DO NOT OBJECT ARE NOT CLEARLY ERRONEOUS, ARBITRARY, OBVIOUSLY CONTRARY OF LAW, OR AN ABUSE OF DISCRETION.

The Court first must determine which portions of the PFRD the Federal Respondents challenge and to which portions they do not object.  When a party makes no objection to a PFRD or a portion of a PFRD, the Court does not review that portion de novo; instead, it "reviews the recommendations to determine whether they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion."  Gonzalez v. Franco, 163 F. Supp. 3d 1039, 1045 (D.N.M. 2016)(Browning, J.).  Magistrate Judge Rozzoni recommends that the Court: (i) conclude that Izbitski's indefinite detention violates the Fifth Amendment; (ii) waive the exhaustion requirement for Izbitski's indefinite-detention claim; and (iii) decline to address Izbitski's remaining requests for relief.  See PFRD at 3.

The Federal Respondents assert two Objections, both directed at Magistrate Judge Rozzoni's first recommendation -- that indefinite detention violates Izbitski's Fifth Amendment rights.  See Objections at 1-3.  Within those objections, however, the Federal Respondents do not challenge the legal standard that Magistrate Judge Rozzoni applies in her PFRD.  See Objections at 1-3.  The Federal Respondents agree that the Supreme Court's framework in Zadvydas v. Davis, 533 U.S. 678 (2001)("Zadvydas"), governs.  Objections at 1.  Instead, they dispute Magistrate Judge Rozzoni's conclusion that Izbitski satisfies his initial burden under Zadvydas and that the Federal Respondents fail to rebut that showing.  See Objections at 1-3.  The Court therefore reviews those objections de novo.

The Court carefully reviews the PFRD and the relevant pleadings. As to Magistrate Judge Rozzoni's second and third recommendations -- waiver of the exhaustion requirement and declining to address Izbitski's remaining requests for relief -- the Court reviews the PFRD to determine if those recommendations are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion. The Court determines that those recommendations are not clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion. Accordingly, the Court adopts those portions of the PFRD to which no party objects.

## II.  THE COURT OVERRULES THE FEDERAL RESPONDENTS' OBJECTION TO MAGISTRATE JUDGE ROZZONI'S CONCLUSION THAT ITZBITSKI MEETS HIS INITIAL BURDEN TO SHOW THAT THERE IS NO SIGNIFICANT LIKELIHOOD OF REMOVAL IN THE REASONABLY FORESEEABLE FUTURE.

The Federal Respondents first object to Magistrate Judge Rozzoni's conclusion that Izbitski satisfies his initial burden under Zadvydas to "show good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," based on evidence that the Republic of Kazakhstan refuses to issue travel documents after determining that Izbitski is not a citizen of that country. Objections at 1. The Court disagrees with the Federal Respondents' conclusion. Izbitski has met his initial burden under Zadvydas. Again, the Federal Respondents do not object to Magistrate Judge Rozzoni's standard and discussion of the applicable law -- what the United States must do, and what the petitioner must show.

"[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). This period of time is the "removal period." 8 U.S.C. § 1231(a)(1)(A). The removal period begins once the removal order "becomes administratively final," 8 U.S.C. § 1231(a)(1)(B), meaning that the order has been affirmed on appeal or the time to file an appeal has expired, 8 U.S.C. § 1101(a)(47)(B). In certain enumerated circumstances, an alien "may be detained beyond the removal period." 8 U.S.C.A. §

1231(a)(6).  See Johnson v. Chavez, 594 U.S. 523, 528-29 (2021)(discussing the circumstances where an alien may remain "detained after 90 days have passed").

The Supreme Court holds that statutes -- such as 8 U.S.C. § 1231(a)(6) -- which permit the indefinite detention of an alien raise Constitutional concerns.  See Zadvydas, 533 U.S. at 690.  To avoid those concerns, the Supreme Court construes § 1231(a)(6) to limit post-removal-period detention to a period reasonably necessary to effectuate removal.  See Zadvydas, 533 U.S. at 690. "Thus, if removal is not reasonably foreseeable, the Court should hold continued detention unreasonable and no longer authorized." Zadvydas, 533 U.S. at 699-700.

A six-month detention is "presumptively reasonable." Zadvydas, 533 U.S. at 701.  After that period, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Zadvydas, 533 U.S. at 701.  This presumption does not mean that the United States must release every alien after six months; rather, detention may continue until it is determined that removal is not significantly likely in the reasonably foreseeable future. See Zadvydas, 533 U.S. at 701.

To meet the "good reason" standard, a petitioner need not "show the absence of any prospect of removal." Zadvydas, 533 U.S. at 702.  Magistrate Judge Rozzoni cites several decisions recognizing that good reason exists when detention exceeds six months and additional circumstances indicate that removal is unlikely.  See Ahrach v. Baltazar, No. 25-CV-03195-PAB, 2025 WL 3227529, at *4 (D. Colo. Nov. 19, 2025)(Brimmer, J.)(finding good reason where the petitioner is detained for over six months and where ICE makes no efforts to remove petitioner beyond soliciting acceptances from three countries on one day); Salazar-Martinez v. Lyons, No. 2:25-CV-00961-KG-KBM, 2025 WL 3204807, at *2 (D.N.M. Nov. 17, 2025)(Gonzales, J.)(finding good reason where the petitioner is detained for over six months and where ICE does

not identify any country that has agreed to accept the petitioner); Zhuzhiashvili v. Carter, No. 25-3189-JWL, 2025 WL 2837716, at *2 (D. Kan. Oct. 7, 2025)(Lungstrum, J.)(finding good reason where the petitioner is detained for over six months and where officials make no progress towards his removal); Vargas v. Noem, No. 25-3155-JWL, 2025 WL 2770679, at *2 (D. Kan. Sept. 29, 2025)(Lungstrum, J.)(finding good reason where the petitioner is detained for over six months and where officials do not name any country to which an inquiry has been made or to which petitioner may possibly be removed).  Against this body of authority which the Federal Respondents do not challenge, object, or deny, the Federal Respondents argue in one-sentence that Izbitski fails to meet his initial burden.  See Objections at 1.  The Federal Respondents state:

> The PFRD suggests that Petitioner met his burden to show good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, as required by [Zadvydas], by merely showing that the Republic of Kazakhstan initially refused travel documents because they found the Petitioner was not a citizen of that country.

Objections at 1.  The Court agrees with Magistrate Judge Rozzoni that Izbitski has met his initial burden.

The Federal Respondents do not object to Magistrate Judge Rozzoni's statement of the facts.  The United States has detained Izbitski for nearly seven months, and nothing in the record suggests that his removal is imminent.  See PFRD at 7.  Izbitski was born in the Kazakh Soviet Socialist Republic, a country that no longer exists.  See PFRD at 7.  After declaring independence, the Kazakh Soviet Socialist Republic became the present-day Republic of Kazakhstan.  See PFRD at 7.  Kazakhstan states that Izbitski "is not a citizen."  See Complaint at 11.  On this record, there is no indication that Kazakhstan is willing to accept Izbitski.  During Izbitski's nearly seven months of detention, the Federal Respondents' only documented effort to secure his removal has been to request travel documents from Kazakhstan.  See Response to Petitioner for Writ of Habeas Corpus Under 28 U.S.C. § 2241 at 8, filed December 22, 2025 (Doc. 30)("Response").  In the Reply,

Izbitski states that he has requested citizenship from Kazakhstan three times at ICE's insistence and that Kazakhstan has denied his request three times. See Reply at 1. There is no evidence that a fourth attempt will be successful. Moreover, the Federal Respondents do not identify an alternative country to which the Federal Respondents might remove Izbitski.

Under these circumstances, the Court concludes that Izbitski meets his initial burden to show "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Zadvydas, 533 U.S. at 702. This conclusion aligns with other district court decisions dealing with comparable periods of detention, and similarly minimal and unpromising removal efforts. The Federal Respondents' Objection does not alter that conclusion. See Objections at 1. The Court therefore overrules the Federal Respondents' Objections insofar as they challenge Magistrate Judge Rozzoni's determination that Izbitski satisfies his initial Zadvydas burden.

## III.    THE COURT OVERRULES THE FEDERAL RESPONDENTS' OBJECTION TO MAGISTRATE JUDGE ROZZONI'S CONCLUSION THAT THE FEDERAL RESPONDENTS DO NOT RESPOND WITH EVIDENCE SUFFICIENT TO REBUT IZBITSKI'S SHOWING.

In the PFRD, Magistrate Judge Rozzoni concludes that the Federal Respondents do not carry their burden to rebut Izbitski's showing that there is no significant likelihood of removal in the reasonably foreseeable future. See PFRD at 8. The Federal Respondents object, arguing that they offer sufficient evidence to rebut Izbitski's showing. See Objections at 1-2. The Court agrees with Magistrate Judge Rozzoni that the Federal Respondents have not met their burden.

Once a petitioner shows "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Zadvydas, 533 U.S. at 701. The "mere intent to find a third country is too speculative to permit indefinite detention or to overcome [the petitioner's] showing."

Momennia v. Bondi, No. CIV 25-1067 J, 2025 WL 3011896, at *10 (W.D. Okla. 2025)(Maxfiled, J.).  As Magistrate Judge Rozzoni correctly observes, in immigration-based habeas cases, the Federal Respondents typically submit an affidavit from a relevant government official to rebut the petitioner's initial showing.  See Diaz-Cruz v. Dedos, No. CIV 25-1117 MLG/JMR (filed Dec. 8, 2025)(Doc. 14-1)(Declaration of DHS Acting Assistant Field Office Director); Lorenzo v. Anda-Ybarra, No. CIV 25-0923 KWR/GJF (filed Nov. 14, 2025)(Doc. 9-4)(Declaration of DHS Supervisory Detention and Deportation Officer); Jimenez Chacon v. Lyons, No. CIV 25-0977 DHU/KBM (filed Oct. 29, 2025)(Doc. 18-1)(Declaration from DHS Assistant Field Officer Director); Salazar-Martinez v. Lyons, No. VIC 25-0961 KG/KBM (filed Oct. 28, 2025)(Doc. 17-1)(Declaration of DHS Assistant Field Officer Director).  Here, the Federal Respondents offer no similar evidence.  Instead, they first submit an Order of Supervision at 1, filed in this Court December 22, 2025 (Doc. 30-1).  That document reflects Izbitski's release under supervision and confirms that the United States is unable to remove him following proceedings commenced on or after April 1, 1997.  See Order of Supervision at 1.  The Order of Supervision does not show that Izbitski is any closer to removal.

Second, the Federal Respondents assert, without evidentiary support, that, "[i]n the current matter, the request for travel documents from Kazakhstan remains pending" and that, "[a]bsent a denial of that request, there is no reason to believe that Petitioner's removal is unlikely in the reasonably foreseeable future."  Response at 8.  The Federal Respondents do not indicate when they made this second request.  Moreover, the Federal Respondents offer no explanation for why Kazakhstan will reverse its May 30, 2023, position that Izbitski "is not a citizen."  See Complaint at 11.  The Federal Respondents also do not identify any alternative country willing to accept him.  The question, then, is whether a renewed request, which the Federal Respondents do not give a renewed date, for travel documents from Kazakhstan that already does not recognize Izbitski's

citizenship in kind rebuts Izbitski's showing. The Court agrees with Magistrate Judge Rozzoni that the Federal Respondents do not rebut Izbitski's showing.

The Federal Respondents rely on <u>Misirbekov v. Venegas</u>, 796 F. Supp. 3d 436 (S.D. Tex. 2025)(Olvera, J.)("<u>Misirbekov</u>"), arguing that the Court should defer to the United States' judgment regarding the time required to effect removal. <u>See</u> Objections at 2. <u>Misirbekov</u> is inapposite. In <u>Misirbekov</u>, the petitioner states that the United States is unlikely to remove him, because he does not have citizenship or ties to any other county, and the United States' efforts to remove him are unsuccessful. <u>See</u> <u>Misirbekov</u>, 796 F. Supp. 3d at 439. The Honorable Rolando Olvera, United States District Judge for the United States District Court for the Southern District of Texas, holds that the United States rebutted the petitioner's initial showing because it had already contacted a third country,[2] and that contact was likely to result in removal in the reasonably foreseeable future. 796 F. Supp. 3d at 439. Although Judge Olvera ultimately orders the petitioner's release on procedural due process grounds, he explained that: "While the waiting period for the third country's decision may seem long, this Court defers to Respondents' expertise in these matters and has no reason to believe that these efforts will be unsuccessful." 796 F. Supp. 3d at 439. Here, by contrast, the Federal Respondents do not identify any third country willing to accept Izbitski or active engagement with a country other than Kazakhstan. The only country contacted -- Kazakhstan -- has rejected his removal, stating that Izbitski is not a citizen and refusing acceptance for more than a decade. Unlike in <u>Misirbekov</u>, the Court has sound reason to conclude that the Federal Respondents' efforts will remain unsuccessful.

---

[2] Although Judge Olvera does not specify which country the United States has contacted for the petitioner's removal, he makes clear that the United States has contacted a country other than the petitioner's country of origin to for removal purposes. <u>See</u> <u>Misirbekov</u>, 796 F. Supp. 3d at 439.

The Federal Respondents do not rebut Izbitski's showing that there is no significant likelihood of removal in the reasonably foreseeable future. Accordingly, the Court overrules the Federal Respondents' Objections and adopts Magistrate Judge Rozzoni's conclusion.

**IT IS ORDERED** that: (i) the Federal Respondents' Objections to the Proposed Findings and Recommended Disposition, filed January 12, 2026 (Doc. 33), are overruled; (ii) Magistrate Judge Rozzoni's Proposed Findings and Recommended Disposition, filed December 29, 2025 (Doc. 32), is adopted; (iii) Petitioner Sergei Izbitski's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, filed August 14, 2025 (Doc. 1), is granted; and (iv) the Court orders immediate release and restores the Petitioner's Order of Supervision under the same terms as were in place before June 9, 2025.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Santiago E. Juarez
Santiago E. Juarez Attorney at Law
Albuquerque, New Mexico

-- and --

Eric M. Mark
Eric M. Mark, Attorney at Law, LLC
Newark, New Jersey

*Attorneys for the Petitioner*

Ryan Ellison
  Acting United States Attorney
Allison Shokes
  Assistant United States Attorneys
United States Attorney's Office
Albuquerque, New Mexico

*Attorneys for the Federal Respondents Marissa A. Flores, Director of El Paso Field Office, U.S. Immigration and Customs Enforcement, Kristi Noem, Secretary of the U.S. Department of Homeland Security, & Pam Bondi, Attorney General of the United States, in their official capacities.*